UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **DAVID MOON,** **a/k/a AZELIE DELAINA MOON,** Plaintiff, vs. **CARMEN MCINTYRE LEON,** *et al.,* Defendants. | 2:24-CV-12180-TGB-PTM **ORDER TRANSFERRING CASE TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN** |

David Moon, a/k/a Azelie Delaina Moon, is a Michigan prisoner who is currently incarcerated at the Bellamy Creek Correctional Facility in Ionia, Michigan. Plaintiff sued several defendants at the Lakeland Correctional Facility in Coldwater, Michigan, as well as several Michigan Department of Corrections personnel who work in Lansing, Michigan. Plaintiff alleges that he has been diagnosed with gender dysphoria and identifies as a woman. Plaintiff alleges that while he was incarcerated at the Lakeland Correctional Facility, the defendants failed to employ the proper management plan for an inmate who has been diagnosed with gender dysphoria. He claims that he was not provided housing accommodations for his condition, which lead to him being physically and

1

sexually assaulted by other inmates. Plaintiff also claims prison personnel discriminated against him because he is intersex.

For the reasons stated below, the Court will transfer this matter to the United States District Court for the Western District of Michigan for further proceedings.

## I. DISCUSSION

In the present case, all of the alleged constitutional violations took place while plaintiff was incarcerated at the Lakeland Correctional Facility in Coldwater, Michigan, which is located in the United States District Court for the Western District of Michigan. The defendants named in this suit reside in that district, either because they work at the Lakeland Correctional Facility or in Lansing, Michigan, which is also in the Western District of Michigan.

Venue is in the judicial district where either all defendants reside or where the claim arose. *Al-Muhaymin v. Jones,* 895 F.2d 1147, 1148 (6th Cir. 1990); 28 U.S.C. § 1391(b). For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where the action might have been brought. *See United States v. P.J. Dick, Inc.,* 79 F. Supp. 2d 803, 805-06

(E.D. Mich. 2000)(Gadola, J.); 28 U.S.C. § 1404(a).  Venue of a lawsuit

may be transferred *sua sponte* for the convenience of parties or witnesses.

*See Schultz v. Ary,* 175 F. Supp. 2d 959, 964 (W.D. Mich. 2001).

The factors that guide a district court's discretion in deciding

whether to transfer a case include: (1) the convenience of the witnesses;

(2) the location of relevant documents and the relative ease of access to

sources of proof; (3) the convenience of the parties; (4) the locus of the

operative facts; (5) the availability of process to compel the attendance of

unwilling witnesses; (6) the relative means of the parties; (7) the forum's

familiarity with governing law; (8) the weight accorded the plaintiff's

choice of forum; and (9) trial efficiency and interests of justice, based upon

the totality of the circumstances. *Overland, Inc. v. Taylor,* 79 F. Supp. 2d

809, 811 (E.D. Mich. 2000)(Gadola, J.).

The Court finds that both for the convenience of the parties and

witnesses, as well as in the interests of justice, the present matter must

be transferred to the Western District of Michigan.  The primary factor

in making the determination to transfer venue is that all of the "operative

facts" in this case took place at the Lakeland Correctional Facility, which

is located in the Western District of Michigan. *See Pierce v. Coughlin,* 806

F. Supp. 426, 428 (S.D.N.Y. 1992). The first nine named defendants work in Lansing, Michigan, which is in Ingham County, Michigan. The other defendants work at the Lakeland Correctional Facility, located in Branch County, Michigan. Ingham and Branch Counties are in the Western District. Public officials "reside" in the county where they perform their official duties. *See O'Neill v. Battisti*, 33 Ohio Misc. 137, 472 F. 2d 789, 791 (6th Cir. 1972). In cases in which a plaintiff's claims may require testimony or files that can be most easily obtained at or near the plaintiff's place of incarceration, "the district in which the institution is located will ordinarily be the more convenient forum." *See Joyner v. District of Columbia,* 267 F. Supp. 2d 15, 20-21 (D.D.C. 2003)(quoting *Starnes v. McGuire*, 512 F.2d 918, 931 (D.C. Cir.1974)).

Venue for plaintiff's lawsuit is not proper in the Eastern District of Michigan, because plaintiff has failed to allege that any of the acts, events, or omissions which form the basis of his lawsuit took place in this district. *See Miles v. WTMX Radio,* 15 F. App'x 213, 215 (6th Cir. 2001). The Court concludes that venue in this § 1983 lawsuit lies in the United States District Court for the Western District of Michigan, where

plaintiff alleges that the civil rights violations occurred.  Accordingly, this

matter will be transferred to that district for further proceedings.

## II. ORDER

Accordingly, the Court **ORDERS** the Clerk of the Court to transfer

this case to the United States District Court for the Western District of

Michigan pursuant to 28 U.S.C. § 1404(a).

**SO ORDERED.**

Dated: October 9, 2024

s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE
